IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MATT BEVACQUA**, individually and as personal representative of the **ESTATE OF BARRETT BEVACQUA**,<br><br>              Plaintiffs,<br><br>      v.<br><br>**HILLSBORO AERO ACADEMY, LLC**; **ASCEND PILOT ACADEMY**; **ALASKA AIRLINES, INC.**; and **HORIZON AIR INDUSTRIES, INC.**,<br><br>              Defendants. | Case No. 3:25-cv-00237-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO REMAND** |

Wm. Keith Dozier, Jr., 385 First Street, Suite 217, Lake Oswego, OR 97034; and Robert F. Hedrick, Aviation Law Group, PS, 3431 East Superior Street, Seattle, WA 98122. Attorneys for Plaintiffs.

Aaron D. Bigby, Northcraft Bigby Daniels PC, 819 Virginia Street, Suite C-2, Seattle, WA 98101. Attorney for Defendants.

**IMMERGUT, District Judge.**

This matter is before the Court on a Motion to Remand filed by Plaintiffs Matt Bevacqua and the estate of Barrett Bevacqua ("Mot."), ECF 8. Defendants Hillsboro Aero Academy,

PAGE 1 – OPINION & ORDER ON MOTION TO REMAND

Ascend Pilot Academy, Alaska Airlines, and Horizon Air filed an opposition ("Opp'n"), ECF 12,

to which Plaintiffs replied, ECF 13. Because Plaintiffs' claims do not arise under federal law, the

Court GRANTS Plaintiffs' motion to remand and his request for fees and costs incurred.

## BACKGROUND

Plaintiff Matt Bevacqua is the personal representative of the estate of Barrett Bevacqua,

Matt Bevacqua's son. Complaint, ECF 1-3 ¶ 2.1. Barrett Bevacqua was a student pilot enrolled

with Defendant Hillsboro Aero Academy ("HAA"), a flight school. *Id.* ¶ 3.10. HAA is part of

Defendant Ascend Pilot Academy's Ascend Pilot Program, *id.* ¶ 3.6, which is a partnership or

joint venture between HAA and Defendants Alaska Airlines and Horizon Air, *id.* ¶ 3.1.

Barrett Bevacqua died in October 2023 when the HAA-owned aircraft he was flying

stalled and crashed in Newberg, Oregon, during a training flight. *Id.* ¶ 3.18. Barrett Bevacqua

was flying with Michele Cavallotti, an HAA flight instructor, who was also killed in the crash.

*Id.*¶¶ 3.12, 3.18. Barrett Bevacqua was licensed to fly single-engine aircraft, but was not yet

licensed to fly the twin-engine aircraft involved in the crash. *Id.* ¶ 3.14. He was flying under Mr.

Cavallotti's supervision. *Id.*

Plaintiffs allege that, immediately prior to the crash, either Barrett Bevacqua or Mr.

Cavallotti was performing a "minimum controllable airspeed (Vmc) demonstration." *Id.* ¶ 3.19.

This maneuver demonstrates the minimum speed at which a twin-engine aircraft may continue to

maintain directional control with only a single engine operating. *Id.* ¶¶ 3.19–.20. During this

maneuver, the aircraft's speed dropped below the minimum controllable airspeed, causing the

aircraft to stall and enter a spiraling dive from which the pilots could not recover. *Id.* ¶¶ 3.16–

.18.

Plaintiffs filed this wrongful death action against Defendants in Multnomah County

Circuit Court. *Id.* ¶ 2.7. Defendants timely removed this action in February 2025, invoking this

PAGE 2 – OPINION & ORDER ON MOTION TO REMAND

Court's federal question jurisdiction. Notice of Removal, ECF 1 at 2 (citing 28 U.S.C. § 1331). Plaintiffs now move for remand under 28 U.S.C. § 1447(c), arguing this Court lacks subject-matter jurisdiction. Motion to Remand ("Mot."), ECF 8.

## STANDARDS

A plaintiff may challenge the removal of an action to federal court by moving to remand. 28 U.S.C. § 1447(c). Removal is proper if the plaintiff could have brought the action in federal court in the first instance. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

"As a general rule, '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Arco Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Id.* at 1114.

"However, under the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22, (1983)). A state law claim for relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.*

Courts strictly construe § 1441 against removal and resolve any doubts in favor of remanding the case to state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). A

"defendant seeking removal has the burden to establish that removal is proper." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

### DISCUSSION

Plaintiffs move to remand on the basis that the Complaint contains only state law claims for relief and does not assert any claims under federal law. Complaint, ECF 1-3, ¶¶ 4.1–5.7; *see* Opp'n, ECF 12 at 6 ("Defendants have admitted that Plaintiff[s'] Complaint did not plead a federal cause of action."). Defendants argue that (1) Plaintiffs' claims are preempted by the Federal Aviation Act and (2) Plaintiffs' right to relief requires determining the applicable standard of care, which Defendants contend presents a substantial federal claim. Opp'n, ECF 12 at 2. This Court finds that neither theory establishes federal jurisdiction and remands the case. The Court also grants Plaintiffs' request for fees and costs.

### A.  Complete Preemption

Defendants first argue that this case belongs in federal court because federal law preempts state claims that "stem from the federally occupied field of aviation safety." Opp'n, ECF 12 at 2. Defendants contend that Plaintiffs' "causes of action are field preempted." *Id.* at 6. Defendants' position confuses field preemption and complete preemption. Only the latter, not the former, provides a basis for federal jurisdiction. Because Plaintiffs' claims are not completely preempted by federal law, preemption does not support federal jurisdiction over this case.

This Court first clarifies the distinction between complete preemption and field preemption. Federal law may implicitly preempt state law when federal law occupies the field. *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1003 (9th Cir. 2013). Field preemption may be raised as an affirmative defense in state court and does not provide a basis for federal jurisdiction. *See City of Oakland v. BP PLC*, 969 F.3d 895, 903–04 (9th Cir. 2020).

Complete preemption, by contrast, refers to a smaller set of circumstances where "Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). In these cases, "a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013). When complete preemption applies, there is "no such thing" as the state law claim, effectively converting it into a federal claim and establishing federal question jurisdiction. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003).

While field preemption and complete preemption are "linguistically related, they are not as close kin jurisprudentially as their names suggest." *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). Ordinary field preemption "simply declares the primacy of federal law, regardless of the forum or the claim." *Id.* Complete preemption, by contrast, "is actually a doctrine of jurisdiction." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 n.7 (9th Cir. 2000). "Many federal statutes—far more than support complete preemption—will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law." *Retail Prop. Tr. v. United B'hood of Carpenters & Joiners*, 768 F.3d 938, 948 (9th Cir. 2014) (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272–73 (2d Cir. 2005)). The number of statutes that support complete preemption is brief; the Supreme Court has only recognized three.[1] *Id.* at 948 n.5.

---

[1] The Price-Anderson Act's preemption of liability actions arising out of nuclear incidents also "resembles" complete preemption. *El Paso Natural Gas Co. v. Neztsosle*, 526 U.S. 473, 484–85 (1999). The Ninth Circuit has also suggested that *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661 (1974), may have recognized complete preemption by federal common law. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 n.3 (9th Cir. 1993). That characterization is difficult to square with recent case law requiring complete preemption stem from Congressional intent as manifested in a federal statute. *City of Oakland*, 969 F.3d at 905.

PAGE 5 – OPINION & ORDER ON MOTION TO REMAND

Defendants' brief confuses the two doctrines, reasoning that, because state standards of care are preempted by federal law in the aviation safety context, federal jurisdiction exists. Opp'n, ECF 12 at 7–9. But the mere fact that "any applicable state standards of care are preempted" does not show that Congress intended for federal law to displace "the other negligence elements" or "the choice and availability of remedies," *Gilstrap*, 709 F.3d at 1006, as would be required to establish complete preemption. Only complete preemption, not field preemption, provides a basis for removal. *See Retail Prop. Tr.*, 768 F.3d at 946–49. Every case cited by Defendants in their discussion of preemption, Opp'n, ECF 12 at 8, "involved defensive field preemption in the dispositive-motion context; none touched on the distinct, jurisdictional concept of complete preemption," *Kinzer v. Allegiant Air, LLC*, 215 F. Supp. 3d 1018, 1023–24 & n.32 (D. Nev. 2016).

To the extent that Defendants' briefing argues that complete preemption exists here, they are incorrect. Complete preemption requires showing that "Congress clearly manifested an intent to convert state law claims into federal-question claims." *Ansley*, 340 F.3d at 862. Defendants admitted in their Notice of Removal that Congress did not manifest any such intent in the Federal Aviation Act of 1958 ("FAA"), which does not preempt "traditional state law and remedies." Notice of Removal, ECF 1 at 7 (citing *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013)). Extensive Ninth Circuit precedent confirms that the FAA does not supplant state law causes of action. *See, e.g.*, *Gilstrap*, 709 F.3d at 1004 (noting that the FAA reflects "a general congressional intent *not* to preempt state-law tort suits against airlines" (emphasis in original)); *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.7 (9th Cir. 2014) (noting that "state law remedies remain available even where federal law preempts state law standards of aviation safety"); *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808–09 (9th Cir. 2009)

(same). Indeed, Defendants' brief acknowledges that "Plaintiff[s are] still permitted to seek state law remedies." Opp'n, ECF 12 at 9.

Two features of the FAA—its lack of any cause of action and its saving clause—confirm that it does not completely preempt Plaintiffs' claims. First, as the Ninth Circuit has explained, the lack of a federal right of action in the FAA means "the complete preemption doctrine is inapplicable and does not provide a basis for removal." *Webb v. Desert Bermuda Dev. Co.*, 518 F. App'x 521, 522 (9th Cir. 2013). A federal statute may only completely preempt state causes of action when Congress "provided a substitute cause of action." *City of Oakland*, 969 F.3d at 906. Otherwise, individuals like Mr. Bevacqua would never be able to recover on wrongful death or negligence claims, no matter how egregious the facts. *See Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 251 (1984) (noting that it "is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct"). Second, the FAA's saving clause explicitly preserves the availability of state law remedies. 49 U.S.C. § 40120(c). Such a clause is "fundamentally incompatible with complete field preemption." *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007).

**B. Substantial Federal Question**

Defendants next argue that the parties' dispute over the applicable standard of care presents a substantial federal question justifying federal jurisdiction. Opp'n, ECF 12 at 10–12. This Court determines that this case presents no substantial federal question.

The "substantial federal question doctrine" allows federal courts to hear "certain claims recognized under state law 'that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.'" *Newtok Village v. Patrick*, 21 F.4th 608, 618 (9th Cir. 2021) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). This standard is

PAGE 7 – OPINION & ORDER ON MOTION TO REMAND

met "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Only a "special and small category" of cases will meet all four requirements, *id.* (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)), and not every case that "embrac[es] a point of federal law" is removable, *Grable*, 545 U.S. at 314; *see also City of Oakland*, 969 F.3d at 904 ("Only a few cases have fallen into this slim category."). *Grable* provides a narrow exception to the ordinary rule that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Along with virtually every court to have considered this issue on similar facts, this Court concludes that Plaintiffs' Complaint does not present a substantial federal question.[2] Tort liability for an airplane crash is a fact-bound inquiry that does not present a significant question of federal law. Concluding otherwise would upset the balance between state and federal courts that Congress intended under the FAA.

The substantiality inquiry looks to the "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. For example, in *Grable*, this standard was met because the only true issue in the case was the interpretation of a federal statute. *Grable*, 545 U.S. at 310–11; *see*

---

[2] *Moody v. Munich*, No. 23-cv-0006, 2023 WL 5971911, at *3–5 (D. Alaska Sept. 14, 2023); *Thomas v. Aeolus Air Charter, Inc.*, No. 23-cv-01523, 2023 WL 4745727, at *5–6 (C.D. Cal. July 25, 2023); *Depuy v. Aircraft Spruce & Specialty Co.*, No. CV 17-7226, 2018 WL 376701, at *2 (C.D. Cal. Jan. 10, 2018); *Bagley v. Teirstein*, No. 15-cv-2396, 2016 WL 5818567, at *2–3 (S.D. Cal. Oct. 5, 2016); *Seeds v. ERA Alaska*, No. 13-cv-00023, 2013 WL 11311389, at *4 (D. Alaska Nov. 4, 2013); *Est. of Sesay v. Hawker Beechcraft Corp.*, No. 11-cv-04637, 2011 WL 7501887, at *4 (C.D. Cal. Dec. 9, 2011); *Coultas v. Columbia Helicopters, Inc.*, No. CV 10-384-MO, 2010 WL 11700917, at *2 (D. Or. June 28, 2010); *see also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910–12 (7th Cir. 2007).

*Empire HealthChoice*, 547 U.S. at 700 (describing *Grable* as presenting a nearly "pure issue of law"). Cases that raise substantial questions about the "validity of a federal statute" or that "challenge[] the functioning of a federal agency or program" may likewise satisfy this inquiry. *City of Oakland*, 969 F.3d at 905 (citation omitted). Here, by contrast, the parties do not dispute the general meaning, validity, or effect of federal statutes or regulations. *See* Mot., ECF 8 at 15 ("[T]he meaning or interpretation of aviation regulations will play little or no role in deciding this case."). Litigation of tort claims from an airplane crash instead raises "fact-bound and situation-specific" questions about whether conduct satisfied the applicable standard of care under the circumstances, *Empire HealthChoice*, 547 U.S. at 701, which does not qualify as a substantial federal question. *See Grable*, 545 U.S. at 318–19 (noting that violations of federal regulations are "commonly given negligence per se effect in state court proceedings," but that this does not create federal jurisdiction).

Moreover, even if the first three elements of *Grable* are satisfied, "removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Grable*, 545 U.S. at 313). Holding that this case presents a substantial federal question would effectively mean that every case arising out of an aviation accident could be heard in federal court, which would undermine the limits Congress has placed on this Court's multiparty, multiforum jurisdiction. *See* 28 U.S.C. § 1369; *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 911 (7th Cir. 2007) (noting that § 1369 "makes sense only if transportation disasters are litigated in state court unless they satisfy [§ 1369's] terms"). Removal would also undercut the force of both features of the FAA discussed above: Congress's decision to preserve the availability of state law

remedies, 49 U.S.C. § 40120(c), and Congress's decision not to provide a federal cause of action, *Martin*, 555 F.3d at 808. Because resolving Plaintiff's claims in this Court would "disrupt[] the federal-state balance approved by Congress," *Newtok*, 21 F.4th at 618, remand is required.

This Court takes no position on the merits of Defendants' argument that the federal standard of care, 14 C.F.R. § 91.13(a), governs the negligence claims,[3] and need not resolve that question to remand. Even if Defendants are correct, Plaintiffs "may still rely on [state] tort law to prove the other elements of [their] claims—breach, causation, damages, and remedies." *Gilstrap*, 709 F.3d at 1007. Any dispute about the standard of care may be resolved in state court.

## C. Attorney's Fees and Costs

Plaintiffs request the Court award fees. Mot., ECF 8 at 15–17. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

The Court grants Plaintiffs' request for fees and costs. It is well-established law that a federal preemption defense is insufficient to create federal jurisdiction. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). Existing law, of which Defendants were aware, *see* Notice of Removal, ECF 1 at 7, made clear that the FAA does not completely preempt

---

[3] This Court notes that substantial case law supports this position. *See Gilstrap*, 709 F.3d at 1005–06 (holding federal law preempts "any applicable state standards of care" in aviation safety); *Ventress*, 747 F.3d at 722 (explaining that federal law preempts state law that would "encroach upon, supplement, or alter the federally occupied field of aviation safety"). Remand does not allow Plaintiffs to "substitute the applicable FAA standards of care with any alternative state law standards of care." *Barnett v. Cass*, 522 F. Supp. 3d 780, 788 (D. Hawaiʻi 2021).

state law claims. It was therefore objectively unreasonable to remove on complete preemption. Defendants likewise directed this Court to no cases, and this Court could not find any, in which removal was justified because the case presented a substantial federal question. The cases cited in footnote 2 *supra* demonstrate that the law was clearly against Defendants' position at the time of removal.

Plaintiffs may move for attorney's fees and costs within fourteen days of this order. Plaintiffs' counsel should provide this Court with billing and time entries associated with Plaintiffs' Motion to Remand and Reply. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006); Local Rules 54-1(a), 54-3(a). In advance of filing, the parties are ordered to confer in good faith to determine whether they may resolve any disputes concerning the amount of reasonable expenses and fees that Plaintiffs incurred.

## CONCLUSION

Plaintiffs' motion to remand, ECF 8, is GRANTED. This action is remanded to the Circuit Court of Oregon, Fourth Judicial District. Plaintiffs' request for attorney's fees associated with the removal under 28 U.S.C. § 1447(c) is GRANTED.

**IT IS SO ORDERED.**

DATED this 10th day of April, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge